Hoppe & Mitchell, San Francisco, Cal., for plaintiffs.

Flehr & Swain, San Francisco, Cal., for defendant.

Harry P. LOCKLIN and Elmer J. Brant, general partners doing business under the firm name of Radiant Color Company, Plaintiffs,

v.

SWITZER BROTHERS, INC., a corporation, Defendant.

No. 36995.

United States District Court
N. D. California, S. D.

Oct. 20, 1964.

SWEIGERT, District Judge.

In this suit for a declaratory judgment concerning certain letters patent defendant obtained a judgment in its favor, filed herein on November 16, 1959 adjudging, among other things:

"That defendant shall recover from plaintiffs damages adequate to compensate Defendant for Plaintiffs' joint and/or several manufacture, use, sale and/or offer for sale of fluorescent pigments in violation and infringement of claims 1 to 4, inclusive, and 9 of United States Letters Patent No. 2,809,954, and in no event less than a reasonable royalty for the use made by Plaintiffs, jointly and/or severally, of the inventions of said Letters Patent, together with interest thereon. * * *"

This provision of the judgment was correctly based upon 35 U.S.C. § 284, as amended in 1946 and 1952, which provided at the time of the judgment herein, and still provides that:

"Upon finding for the claimant the court shall award the claimant damages adaquate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." Section 284 contains further provisions for trebling of the damages found or assessed and Section 285 provides for an

award of attorney's fees in exceptional cases.

Prior to 1946, Section 284 had provided that the complainant was entitled "to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained * * *." Section 289 still expressly provides that in certain cases, involving a patent for a design, an infringer shall be liable to the owner to the extent of his total profit.

The case comes before the Court upon a motion by Plaintiffs for an order modifying a certain post judgment order of this Court, made and filed herein, April 5, 1962.

That order, among other things, directed Donald Constine, as Special Master succeeding Joseph P. Karesh, "to take evidence and to compute and pass upon an accounting of Plaintiffs' profits and Defendant's damages sustained by reason of the infringement of Letters Patent 2,809,954, by Plaintiffs from the date of first infringement to the date of the Master's Report * * *."

Defendant moves to modify said order of April 5, 1962, to now provide that said Special Master "* * * shall take evidence and compute and pass upon an accounting only of defendant's damages sustained by reason of the infringement * * *." and, further, to modify the order to provide that "* * * all prior orders of this Court of the Special Master regarding the taking of evidence and the computation and passing upon an accounting of plaintiffs' profits sustained [sic] by reason of said infringement be * * * rescinded and abrogated."

An earlier post judgment order of this Court, filed February 15, 1960, had also provided that Joseph P. Karesh, as Special Master "* * * take evidence and compute and pass upon an accounting of

plaintiffs' profits and defendant's damages sustained by reason of the infringement * * *."[1]

The stated ground of defendant's pending motion to modify is that the Supreme Court of the United States in Aro Manufacturing Co. v. Convertible Top Replacement Co., 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457, decided June 8, 1964, has held that the purpose of the 1946 amendment of 35 U.S.C. § 284 was to eliminate the recovery of profits as such and to allow recovery of damages only.

In Aro four of the five concurring justices joined in discussion of the damages to be recovered from Aro.

The opinion of the Court on this subject, after pointing out that the measure of recovery for patent infringement cases is 35 U.S.C. § 284, states as follows, 377 U.S. at 505, 84 S.Ct. at 1542–1543:

" 'In patent nomenclature what the infringer makes is "profits," what the owner of the patent loses by such infringement is "damages." ' Duplate Corp. v. Triplex Safety Glass Co., 298 U.S. 448, 451, 56 S.Ct. 792, 793, 80 L.Ed. 1274. Profits and damages have traditionally been all-inclusive as the two basic elements of recovery. Prior to 1946, the statutory precursor of the present § 284 allowed recovery of both amounts, reading as follows: [citing the former section].

"By the 1946 amendment, Act of August 1, 1946, c. 726, § 1, 60 Stat. 778, 35 U.S.C. (1946 ed.) §§ 67, 70, the statute was changed to approximately its present form, whereby only 'damages' are recoverable. The purpose of the change was precisely to eliminate the recovery of profits as such and allow recovery of damages only.

"an accounting for profits and damages" (See 308 U.S.App. p. 114)—a form which has since been amended, January 21, 1963 (See 374 U.S. 896) to omit the reference to profits and read "an accounting for damages".

1. These post judgment orders of February 15, 1960 and April 5, 1962, were made at a time when the Federal Rules of Civil Procedure, Official Form 16, which is a form of Complaint for infringement of Patent, still contained a form for the prayer of such a complaint referring to

" 'The object of the bill is to make the basis of recovery in patent-infringement suits general damages, that is, any damages the complainant can prove, not less than a reasonable royalty, together with interest from the time infringement occurred, rather than profits and damages.' H.R.Rep. No. 1587, 79th Cong., 2d Sess. (1946), to accompany H.R. 5311, at 1–2; S.Rep. No. 1503, 79th Cong., 2d Sess. (1946), to accompany H.R. 5311, at 2. U.S.Code Cong., Service 1946, p. 1387.

"There can be no doubt that the amendment succeeded in effectuating this purpose; it is clear that under the present statute only *damages* are recoverable. [cases cited]. (emphasis added)

\*  \*  \*  \*  \*

"But the present statutory rule is that only 'damages' may be recovered. These have been defined by this Court as 'compensation for the pecuniary loss he [the patentee] has suffered from the infringement, without regard to the question whether the defendant has gained or lost by his unlawful acts.' Coupe v. Royer, 155 U.S. 565, 582, 15 S.Ct. 199, 206, 39 L.Ed. 263. They have been said to constitute 'the difference between his pecuniary condition after the infringement, and what his condition would have been if the infringement had not occurred.' Yale Lock Mfg. Co. v. Sargent, 117 U.S. 536, 552, 6 S.Ct. 934, 942, 29 L.Ed. 954. The question to be asked in determining damages is 'how much had the Patent Holder and Licensee suffered by the infringement. And that question [is] primarily: had the Infringer not infringed, what would Patent Holder-Licensee have made?' Livesay Window Co. v. Livesay Industries, Inc., supra, 251 F.2d [469] at 471."

In the pending case the directives to the Special Master in the post judgment orders of April 5, 1962 and February 15, 1960 are incorrectly couched in language which might lead him to apply the former provision of Section 284, i. e., that a patentee is entitled to recover profits as such accounted for by the infringer, in addition to damages sustained by the patentee.

The orders should, therefore, be modified to direct the Special Master "to take evidence and compute the damages adequate to compensate defendant herein for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer." (See: Ric-Wil Co. v. E. B. Kaiser Co., 179 F.2d 401, 407 (7th Cir. 1950).

Such modification, however, does not necessarily prevent the Special Master from taking and considering evidence concerning the sales and profits, if any, made by the plaintiffs from their infringing use of the patented material.

Although the profits of an infringer are on longer recoverable as such, they may provide evidence of an element of the patentee's damage—loss of profits to the patentee—as in Livesay Window Co. v. Livesay Industries, Inc., 251 F.2d 469, 471–472 (5th Cir. 1958), one of the cases cited by the Supreme Court in Aro.

As correctly stated in Livesay, supra, 251 F.2d at p. 471, "If in all reasonable probability, the Patent Owner would have made the sales which the Infringer has made, what the Patent Owner in reasonable probability would have netted from the sales denied to him is the measure of his loss, and the Infringer is liable for that."

Further, an infringer's profits may have an evidentiary bearing on the determination of the reasonableness of a royalty in a situation in which such minimal compensation is awarded to a claimant. See Hartford National Bank and Trust Co. v. E. F. Drew & Co., 188 F.Supp. 353, 359–360 (D.Del.1960).

There may be other elements of a complainant's damage for which an infringer's sales or profits may be relevant

evidence but it is not necessary to consider such a situation unless the Special Master should request instructions on the subject.

Plaintiffs in the pending case cite and rely upon Coleman Company v. Holly Manufacturing Company, 269 F.2d 660, 663 (9th Cir. 1959); Graham v. Jeoffroy Mfg., Inc., 253 F.2d 72 (5th Cir. 1958) and Zysset v. Popeil Brothers, Inc., 318 F.2d 701 (7th Cir. 1963).

Coleman v. Holly, supra, merely held that a judgment for the *claimant's* lost profits, plus exemplary and treble damages, was justified by the evidence and should not be disturbed. In the course of its opinion appears the following proposition: "As a minimum, therefore, Holly would be entitled to recover Coleman's actual profit, $1,186,537, irrespective of whether Holly would have made the sales that Coleman made if Coleman had not entered the field. And infringer's profits are a traditional measure of damages."

This statement, however, was not a statement of the Court. The Court was merely reciting one of the contentions of "The Appellee's Argument" (See p. 662–663).

Zysset v. Popeil, supra, (318 F.2d p. 707) inaccurately quotes a portion of this same statement as the holding of the Court in Coleman and then proceeds to state that the profits of an infringer may be the measure of damages suffered, even though the statute does not prescribe that "profits" are to be recovered as such, citing Jeoffroy, supra.

To the extent that Zysset, supra, and Jeoffroy, supra, state and apply the proposition that an infringer's profits are recoverable as such, we regard these cases as contrary to the views stated in the Aro case and in Livesay, supra, Ric-Wil, supra and Laskowitz v. Marie Designer, Inc., 119 F.Supp. 541, 554–555 (S.D.Cal.1954) as cited in Aro.

Only to the extent that Zysset, supra and Jeoffroy, supra, may be interpreted as merely intending to hold that an infringer's profits may be considered in determining proper elements of claimant's damages, do we follow these cases.

Defendant will prepare, serve and lodge with the Court an order in accordance with the views herein set forth.